NichoIjSON, C. J., TueNet, J.
concurring, delivered the following dissenting opinion:
This is a bill in the name of the State, on the relation of Curry against Wright, filed under the chapter in the Code providing for the “proceedings to prevent the usurpation of office.” The relator alleges that at the regular election for county officers in 1870, he and defendant Wright were candidates for sheriff of Shelby county, at which election he. received a majority of one hundred and seventy-six 'votes; that the commissioner of registration, who was the returning officer, received the returns of the votes, compared them, found that relator was elected, and made oüt a certificate of his election, but for some reason failed to deliver it to the relator; that at the meeting of the *257 County Court the returns of the election were entered upon their records, by which it appeared that relator was elected by one hundred and seventy-six votes; that upon these returns he appeared' in court and tendered his bond, with proper security, and claimed to be inducted into office; that defendant Wright instituted proceedings to contest his election, and obtained an injunction to prevent the issuance, to relator, of a certificate of election; that afterwards the commissioner of .registration made an amended return to the County ■Court in which he rejected the vote of one ward, on the ground, as stated by him, that there was no legal election held in that ward, by which amendment of the returns he reported , that defendant Wright had received a majority of the vote, wherefore, the County Court took Wright’s bond as sheriff and inducted him into office. He charges that the amendment of the returns was illegal; that it was done by fraudulent collusion between defendant and the commissioner of registration, and that the act of the County Court in refusing to take his bond and induct him into office was illegal, as was the act of recognizing the amended returns and the inducting of defendant Wright into office. ’ Wherefore he charges that Wright is holding the office illegally and by usurpation; and prays that he be excluded, etc. Defendant Wright, dismissing his proceedings for contesting the election which he had commenced, filed his answer, in which he admitted the several allegations as to the holding of the election, as to the first returns showing that relator had a ma-of one hundred and seventy-six as to the *258 second return which rejected the vote of one ward as illegal, as to his qualification by the County Court; but denying, with emphasis and particularity, each and every allegation of fraud or collusion, and denying that relator received a majority of the legal votes, but charging that his apparent majority on the first return was the result of illegal voting, and that defendant was legally elected and was rightfully in office.
It appears from the bill of exceptions that on the trial, the relator offered to read the several returns of the commissioner of registration and various other documentary papers connected with the proceedings in the County and Circuit Courts, to the reading of which defendant objected as incompetent and irrelevant. Thereupon it- was agreed by the counsel for the parties that the same might be read, subject to the aforesaid objections to be passed upon by the court at some subsequent stage of the case, and upon the further condition and stipulation that if the court should finally decide that the evidence was admissible, that the defendant should occupy the same position as though the question of competency and relevancy was decided in limine, and the decision of the merits should not be made without allowing defendant time and opportunity to offer testimony, if he desired to do so, to show fraud and irregularities in the election, which he insisted would show that the relator did not get a majority of the legal votes cast at the election. The agreement was approved by the court. But the court being of the opinion that such evidence was not competent and could not be introduced by defendant, did *259 not, after the argument in the cause, give the defendant an opportunity to offer such evidence, but proceeded to decide the cause on the record as presented above. After the reading of the evidence, consisting of the documentary proofs on both sides, the court not having decided the objections to the introduction of the records, transcript, etc., by the relator, but while the objections were pending and undisposed of, proceeded to hear the argument. The counsel for defendant still insisting on his objections to the evidence, the court took the case under advisement, and without previously disposing of the objections of defendant, proceeded to pronounce a decree, determining said objections against the defendant and admitting and considering the said evidence, and at the same time pronouncing upon all the points of the case, and determining against the defendant on all the issues, making a final disposition of the cause without allowing the defendant time or opportunity to offer the evidence to show fraud and irregularities in the election sufficient to show relator not elected, for the reason that said evidence was incompetent and irrelevant to the issue involved. From the decree rendered, excluding defendant from the office of sheriff, he has appealed to this court. The decree of the Chancellor rests upon the assumption that the only question which could be tried under the bill was, whether, upon the returns of the commissioner of registration, the relator was prima facie elected sheriff, and if so, the action of the commissioner in making an amended return, and the County Court in acting on the amended return, and in *260 ducting defendant into office, was illegal and gave to. Mm no right to the office. Having so determined, he excluded the evidence proposed to be offered by defendant showing that he had in fact received a majority of the legal votes.
We are satisfied that the duties of the commissioner were purely ministerial and that he had no right to determine the question whether the votes polled in the Tenth ward were legal or not. His amendment of the returns, therefore, rejecting the votes of that ward was unauthorized and furnished no legal ground upon which the County Court could induct defendant' into the office. In this view defendant was illegally holding the office of sheriff, and the proceeding for his ouster and exclusion was authorized by the chapter in the Code under which the bill was . filed. But if it was competent for the defendant, under that proceeding, to contest the question whether relator or himself was in fact elected, then it is clear that the Chancellor erred in refusing to admit the testimony proposed to be offered by defendant. . The whole question, therefore, turns upon the proper construction of the chapter in the Code before referred to. By this chapter an action lies against any person who unlawfully holds or exercises any public office. The suit is by bill in the Chancery or Circuit Courts; it is brought on the information of any person, when by a private person it is to be so stated. The bill will set forth briefly the grounds of the suit, and it will be conducted as other suits in equity. Such issues of fact as it may be necessary to try by jury will be *261 made by the court. The court may grant attachments and injunctions, etc. Defendants are to answer the bill in the usual way. “Whenever the action is brought against a person for usurping an office, in addition to the other allegations, the name of the person rightfully entitled to the office, with a statement of his right thereto, may be added, and the trial should, if practicable, determine the right of the contesting parties.” “If judgment is rendered in favor of such claimant, the court may order the defendant to deliver to him, upon his qualifying according to law, all books,” etc. “When several persons claim to be entitled to the same office they may all be made defendants, so as to determine their respective rights.” “The validity of any election which may be contested under this Code cannot be tried under the provisions of this chapter.” These provisions confer upon the Chancery Court jurisdiction, in the nature of a quo warrcmto, to oust or exclude from office any person illegally holding or exercising the office, and to take all necessary steps to ascertain and determine who is rightfully entitled to the office, and to induct him into it. Hence the State files the bill, either by an Attorney General when the object is only to oust or exclude, or by a private person, whether such private person claim the office illegally held by another or not. In either case the party claiming the office usurped is to be a party, and if more than one claims it, then all claiming it are to be defendants so as to determine their respective rights. Full jurisdiction is given to issue all process and empannel juries to ascertain *262 whether the party holding the office is doing so legally or not, and if so, of ascertaining and determining which ‘ of the contesting parties has the right to the office. It is clear that these provisions contemplate the trial of the question between contesting parties as to which one is entitled to the office. It is plainly one mode of determining a contest between parties having antagonistic claims to an office, and to try the issue, an examination of the facts involved becomes a necessary part of the jurisdiction. The •trial of the contested election is an incident to the primary object which is to determine whether the occupant of the office is a usurper, or holds it illegally.
So far the meaning and purpose of the statute are manifest. The difficulty is produced by an ambiguity in the concluding provision. After defining the jurisdiction of the Chancery Court as explained, it provides: “The validity of any election which may be contested under this Code cannot be tried under the provisions of this chapter.'” In previous chapters of the Code, specific provisions are made for the trial of contested elections, for instance, the contested election of sheriff is to be tried in the Circuit Court. When the Legislature had made provision for the trial of a contested election in the Chancery Court, as defined in the chapter under consideration, it occurred to them that an attempt might be made to resort to this remedy in the Chancery Court after the contest had been tried and settled in the manner prescribed in the Circuit Court. Hence the prohibition was added to recognize the finality of the trial already had. The language used is *263 not free from ambiguity, but we think there is no doubt as to the intention. The validity of 'any election which may have been contested in a , former proceeding under the provisions of the Code for that purpose, shall not be again investigated under the provisions of this chapter. This we take to be the meaning of the Legislature, and upon this construction the jurisdiction of the two tribunals provided for trying contested elections is harmonious, and justice secured to all claimants to the office.
Note. — In this case Wright, the party in possession of the office, and against whom the Chancellor pronounced a decree of ouster, appealed to the Supreme Court, giving bond in the penalty of $250, conditioned for the payment of costs only. A motion was made to dismiss the appeal for want of a proper bond. The motion was denied, the court being of opinion that the bond was properly taken for costs alone, because in this proceeding no damages could be awarded, and in case of a decree of ouster the relator must bring a separate action for damages.
Upon this construction, I am of opinion that the Chancellor erred in refusing to hear the evidence • of the defendant, and that for this error the decree should be reversed and the cause remanded to be tried on its merits.